# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

Ursula Y. Lawson McIntosh, et. al.,
    Plaintiffs

vs                        Case No. 1:09-cv-274-SAS-TSH
                            (Spiegel, Sr. J.; Hogan, M. J.)

Butler County Children's Services
Board, et. al.,
    Defendants

## REPORT AND RECOMMENDATION

This matter is before the Court on defendant Diana Songer's motion to dismiss (Doc. 12), and plaintiff Ursula Lawson McIntosh's motion to dismiss Diana Songer as a party defendant. (Doc. 13).

Defendant Diana Songer moves to dismiss the complaint against her for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6). Defendant contends that while she has been named in the complaint as a party defendant, none of the factual allegations set forth in the complaint include any conduct, acts, or failure to act involving defendant Songer. Defendant argues that because none of the alleged wrongful conduct involves defendant Songer, she should be dismissed. The motion was filed on July 2, 2009. On July 10, 2009, plaintiff

Ursula Lawson McIntosh filed a motion to dismiss Songer as a defendant. (Doc. 13). None of the other plaintiffs filed any response to defendant Songer's motion.

In determining a motion to dismiss for failure to state a claim, the allegations in the complaint must be taken as true and construed in the light most favorable to the nonmoving party. *Westlake v. Lucas*, 537 F.2d 857 (6th Cir. 1976); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). The purpose of a motion under Fed. R. Civ. P. 12(b)(6) is to test the formal sufficiency of plaintiff's claims for relief, not to resolve contested facts or rule upon the merits of the case. *Klusty v. Taco Bell Corp.*, 909 F. Supp. 516, 519 (S.D. Ohio 1995)(Merz, M.J.). Although pro se complaints are held to less stringent standards as compared with formal pleadings drafted by attorneys, the Court is not required to fabricate allegations which are not plead. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979).

More than bare assertions of legal conclusions are required to satisfy federal notice pleading requirements. *Sogevalor S.A. v. Penn Central Corp.*, 771 F. Supp. 890, 893 (S.D. Ohio 1991)(Rubin, J.). A complaint must contain "either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988); *Columbia Natural Resources, Inc. v. Tatum*, 58 F.3d 1101 (6th Cir. 1995). A complaint will not be dismissed when plaintiff fails to plead facts in support of "every arcane element of his claim," but when a complaint "omits facts that, if they existed, would clearly dominate the case," it is fair to assume that those facts do not exist. *McGregor v. Industrial Excess Landfill, Inc.*, 856 F.2d 39, 43 (6th

2

Cir. 1988) (quoting *O'Brien v. DiGrazia*, 544 F.2d 543, 546 n.3 (1st Cir. 1976), *cert. denied sub nom. O'Brien v. Jordan*, 431 U.S. 914 (1977)).

When ruling on a Rule 12(b)(6) motion to dismiss, the Court must construe the complaint liberally, in a light most favorable to the non-moving party. *Bloch v. Ribar*, 156 F.3d 673, 677 (6th Cir.1998). Also, the Court "must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551U.S. 93-94(2007)(citing *Bell Atl. Corp. v. Twombly*, 550 U.S.544,555 (2007) (citations omitted)). *See also, NicSand, Inc. v. 3M Co.,* 507 F.3d 442 (6th Cir.2007) (en banc) (viewing a complaint "through the prism of Rule 12(b)(6) [requires] us to accept all of its allegations and all reasonable inferences from them as true") (citing *Mich. Paytel Joint Venture v. City of Detroit*, 287 F.3d 527, 533 (6th Cir.2002)). When reviewing a Rule 12(b)(6) motion to dismiss, the Court must "determine whether the plaintiff can prove a set of facts in support of [her] claims that would entitle [her] to relief." *Daubenmire v. City of Columbus*, 507 F.3d 383, 387-88 (6th Cir.2007) (quoting *Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 360 (6th Cir.2001)). In order to preclude dismissal under Rule 12(b)(6), a complaint must contain either direct or inferential allegations which comprise all of the essential, material elements necessary to sustain a claim for relief under some viable legal theory. *Lewis v. ACB Business Services, Inc.*, 135 F.3d 389, 406 (6th Cir.1998).

Dismissal of the complaint against defendant Songer is warranted. There are no allegations in the complaint concerning conduct, actions, or failure to act by defendant Songer. Moreover, plaintiff Ursula Lawson McIntosh moves to voluntarily dismiss defendant Songer. For these reasons, IT IS HEREBY RECOMMENDED

3

THAT defendant Songer's motion to dismiss (Doc. 12) be GRANTED and plaintiff's motion to dismiss (Doc. 13) be DENIED AS MOOT.

/s/ Timothy S. Hogan
Timothy S. Hogan
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

---

Ursula Y. Lawson McIntosh, et. al.,
    Plaintiffs

vs                                  Case No. 1:09-cv-274-SAS-TSH
                                      (Spiegel, Sr. J.; Hogan, M. J.)

Butler County Children's Services
Board, et. al.,
    Defendants

## NOTICE TO THE PARTIES REGARDING THE FILING OF OBJECTIONS TO THIS R&R

Pursuant to Fed. R. Civ. P. 72(b), within fourteen (14) days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters,* 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).

| SENDER: *COMPLETE THIS SECTION* | COMPLETE THIS SECTION ON DELIVERY | |
|---|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X | ✓ Agent<br>☐ Addressee |
| | B. Received by (*Printed Name*) | C. Date of Delivery |
| 1. Article Addressed to:<br><br>Ursula Y Lawson McIntosh<br>PO Box 421148<br>Middletown, OH 45044 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No | |
| | 3. Service Type<br>☑ Certified Mail ☐ Express Mail<br>☐ Registered ☐ Return Receipt for Merchandise<br>☐ Insured Mail ☐ C.O.D. | |
| | 4. Restricted Delivery? (*Extra Fee*) | ☐ Yes |
| 2. Article Number<br>(*Transfer from service label*) | 7002 3150 0000 8388 3479 | |
| PS Form 3811, August 2001 | Domestic Return Receipt | 102595-01-M-2509 |

1:09cv274 Doc.28