# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

Ursula Y. Lawson McIntosh, et. al.,
    Plaintiffs

vs                                  Case No. 1:09-cv-274-SAS-TSH
                                      (Spiegel, Sr. J.; Hogan, M. J.)

Butler County Children's Services
Board, et. al.,
    Defendants

## REPORT AND RECOMMENDATION
## and
## ORDER

This matter is before the Court on defendants' motion for judgment on the pleadings (Doc. 21), pro se plaintiffs' memorandum in opposition (Doc. 23), and defendants' reply. (Doc. 24). Also pending before the Court are pro se plaintiffs' motions for appointment of counsel (Docs. 5, 19) and plaintiffs' motion to amend/correct the complaint. (Doc. 22).

Plaintiffs Ursula Y. Lawson McIntosh, Thomas C. Lawson, Sr., and Linda S. Lawson filed this action pro se, on their behalf and on behalf of three minor children, plaintiff Ursula Lawson's child, N.M., and N.M.'s sister H.M., and brother, B.M. While the complaint is somewhat difficult to decipher, the allegations apparently

concern proceedings in Butler County, Ohio, Juvenile Court, which resulted in an ex parte order by a juvenile court judge that plaintiff N.M. be removed from his home. Plaintiffs allege that the named defendants were part of a conspiracy to present false information to the juvenile court in support of the ex parte order and that defendants' conduct violated plaintiffs' rights under the Fourth, Fifth, Eighth, Ninth and Fourteenth Amendments to the United States Constitution.

Defendants move for judgment on the pleadings as to all claims asserted by plaintiffs. Defendants Jann Heffner[1], Kerry Lampert, Erin Vogel, Dan Phillips, Meg Halpin, and Lisa Dierling argue that they are entitled to judgment pursuant to Fed. R. Civ. P. 12(c) because there are no specific factual allegations asserted in the complaint against any of them. Defendants the Butler County Children Services Board and Kim Bui[2] contend the complaint against them should be dismissed because the complaint does not allege improper conduct on their behalf and because they are entitled to absolute immunity. Defendants further contend that Alisa Pedoto is likewise entitled to prosecutorial immunity.

In response, plaintiffs argue that Alisa Pedoto falsely presented evidence to the prosecutor and lacked probable cause to support her actions and allegations and therefore defendants' conduct violates plaintiff's constitutional rights. Plaintiffs also assert that the motion should be denied because they do not have counsel and therefore do not have access to the Courts. Plaintiffs also move the Court to construe

---

[1] Ms. Heffner was misnamed in the complaint as "Jann Herrer."

[2] Defendant Bui is now known as Kim Schneider.

2

their memorandum in opposition to defendants' motion to dismiss as a motion to amend/correct the complaint.

### Plaintiffs' Motion to Amend the Complaint Will Be Granted

Where both a motion to amend and a motion to dismiss the complaint are pending, the Court abuses its discretion by dismissing a suit on the basis of the original complaint without first considering and ruling on the pending motion to amend. *Ellison v. Ford Motor Co.*, 847 F.2d 297, 300 (6th Cir. 1987). When a district court denies a motion to amend after granting a motion to dismiss, the appellate court reviews both the complaint and the proposed amended complaint for purposes of construing the facts. *Klusty v. Taco Bell Corp.*, 909 F. Supp. 516, 520 (S.D. Ohio 1995)(Merz, M.J.). Accordingly, in ruling on a pending motion to dismiss, the Court must consider both the original complaint and the proposed amended complaint.

In this case, pro se plaintiffs move the Court to construe their memorandum in opposition to defendants' motion to dismiss as an amended/corrected complaint. (Doc. 22). Defendants have not responded to plaintiffs' motion, and it is therefore unopposed.

The granting or denial of a motion to amend pursuant to Fed. R. Civ. P. 15(a) is within the discretion of the trial court. Leave to amend a complaint should be liberally granted. The Court may deny the motion to amend where the complaint, as amended, could not withstand a motion to dismiss. *Matthews v. Jones*, 35 F.3d 1046,

3

1050 (6th Cir. 1994); *Thiokol Corp. v. Dept. of Treasury*, 987 F.2d 376, 383 (6th Cir. 1993); *Neighborhood Development Corp. v. Advisory Council on Historic Preservation, Department of Housing and Urban Development, City of Louisville*, 632 F.2d 21, 23 (6th Cir. 1980). The Court should also consider factors such as undue delay, bad faith or dilatory motive on the part of the movant, the repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of amendment. *Brooks v. Celeste*, 39 F.3d 125, 130 (6th Cir. 1994).

To the extent that plaintiffs seek to amend the complaint by incorporating the the factual allegations set forth in their memorandum in opposition to dismissal into an amended complaint, the motion shall be granted. (*See* Doc. 23, Statement of the case, pp. 1-2 and pp. 6-7). To the extent that the memorandum contains legal conclusions or arguments of law, (Id., pp. 3-5), those portions of the memorandum are not deemed to constitute part of the amended complaint. This Court will consider these supplemental allegations in issuing its Report and Recommendation to the District Court on defendants' motion to dismiss.

### Defendants' Motion For Judgment On The Pleadings Should be Granted in Part and Denied in Part

Rule 12(c) of the Federal Rules of Civil Procedure governs motions for judgment on the pleadings and provides:

> After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings. If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated

4

as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

Fed. R. Civ. P. 12(C). The Court reviews a motion for judgment on the pleadings as it would a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *Mixon v. Ohio,* 193 F.3d 389, 399-400 (6th Cir.1999).

In determining a motion to dismiss, the allegations in the complaint must be construed in the light most favorable to the nonmoving party. *Bloch v. Ribar,* 156 F.3d 673, 677 (6th Cir.1998); *Westlake v. Lucas,* 537 F.2d 857 (6th Cir. 1976); *Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974). Also, the Court "must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus,* 551 U.S. 89, 93-94 (2007)(citing *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007)(citations omitted)). *See also, NicSand, Inc. v. 3M Co.,* 507 F.3d 442 (6th Cir.2007) (en banc) (viewing a complaint "through the prism of Rule 12(b)(6) [requires] us to accept all of its allegations and all reasonable inferences from them as true") (citing *Mich. Paytel Joint Venture v. City of Detroit,* 287 F.3d 527, 533 (6th Cir.2002)). While the court must accept the plaintiff's *factual* allegations as true, the court need not accept as true a plaintiff's legal conclusions. *Lewis v. ACB Bus. Servs.,* 135 F.3d 389, 405 (6th Cir.1998). *Proctor v. DialAmerica Marketing,* 2007 WL 1394153, *5 (N. D. Ohio May 9, 2007).

When reviewing a motion to dismiss, the Court must "determine whether the plaintiff can prove a set of facts in support of [her] claims that would entitle [her] to

relief." *Daubenmire v. City of Columbus*, 507 F.3d 383, 387-88 (6th Cir.2007) (quoting *Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 360 (6th Cir.2001)). In order to preclude dismissal under Rule 12(b)(6), a complaint must contain either direct or inferential allegations which comprise all of the essential, material elements necessary to sustain a claim for relief under some viable legal theory. *Lewis*, 135 F.3d at 406. A complaint will not be dismissed when plaintiff fails to plead facts in support of "every arcane element of his claim," but when a complaint "omits facts that, if they existed, would clearly dominate the case," it is fair to assume that those facts do not exist. *McGregor v. Industrial Excess Landfill, Inc.*, 856 F.2d 39, 43 (6th Cir. 1988) (quoting *O'Brien v. DiGrazia*, 544 F.2d 543, 546 n.3 (1st Cir. 1976), *cert. denied sub nom. O'Brien v. Jordan*, 431 U.S. 914 (1977)).

The purpose of a motion under Fed. R. Civ. P. 12(b)(6) is to test the formal sufficiency of plaintiff's claims for relief, not to resolve contested facts or rule upon the merits of the case. *Klusty v. Taco Bell Corp.*, 909 F. Supp. 516, 519 (S.D. Ohio 1995)(Merz, M.J.). Pro se complaints, however inartfully pleaded, are held to less stringent standards as compared with formal pleadings drafted by attorneys. *Erickson*, 551 U.S. at 94 (citing *Estelle*, 429 U.S. at 106). *See also* Fed. R. Civ. P. 8(f)("All pleadings shall be so construed so as to do substantial justice."). Nevertheless, the Court is not required to fabricate allegations which are not plead. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979). More than bare assertions of legal conclusions are required to satisfy federal notice pleading requirements. *Sogevalor S.A. v. Penn Central Corp.*, 771 F. Supp. 890, 893 (S.D. Ohio 1991)(Rubin, J.). A complaint must contain "either direct or inferential allegations

respecting all the material elements to sustain a recovery under *some* viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988); *Columbia Natural Resources, Inc. v. Tatum*, 58 F.3d 1101 (6th Cir. 1995).

In order to state a claim for relief under 42 U.S.C. § 1983, plaintiffs must allege that the persons engaging in the conduct complained of were acting under color of state law and that this conduct deprived plaintiffs of some right secured by the Constitution or laws of the United States. *Graham v. National Collegiate Athletic Ass'n*, 804 F.2d 953, 957 (6th Cir. 1986) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled in part on other grounds*, *Daniels v. Williams*, 474 U.S. 517 (1984)). Plaintiffs' complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests," *Erickson v. Pardus,* 127 S. Ct. 2197, 2200 (2007) (citations omitted); *Wysong v. Dow Chemical Co.*, 503 F.3d 441, 446 (6th Cir. 2007), and provide "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S.544,555 (2007).

The complaint, even when liberally construed and read to include those factual allegations incorporated from plaintiffs' memorandum in opposition to dismissal, fails to state a claim against defendants Jann Heffner, Kerry Lampert, Erin Vogel, Dan Phillips, Meg Halpin, and Lisa Dierling.[3] There are no specific factual

---

[3] Defendants filed a Suggestion of Death Upon the Record as to defendant Peg Hall. (Doc. 16). To the extent it could be argued that any of the claims alleged against her would survive her death, the Court recommends that such claims be dismissed for the same reasons the Court recommends dismissal of the claims against defendants Heffner, Lampert, Vogel, Phillips, Halpin, and Dierling.

7

allegations made with respect to these defendants. Plaintiffs state nothing more than a generalized allegation that defendants Heffner, Lampert, Vogel, Phillips, Halpin, and Dierling conspired to violate plaintiffs' constitutional rights. There are no factual allegations that any one of these defendants engaged in any conduct, acted ,or failed to act in any way which would give rise to claims against them. To state a claim for relief, plaintiffs must show how each defendant is accountable because the defendant was personally involved in the acts about which plaintiffs complain. *Crawford v. Child Protective Services*, 2007 WL 2772740, * 3 (W.D. Ky. Sept. 20, 1007)(citing *Rizzo v. Goode*, 423 U.S. 362, 375-76 (1976)). This plaintiffs have failed to do. Thus the complaint fails to state a claim for relief under § 1983 with respect to defendants Heffner, Lampert, Vogel, Phillips, Halpin, and Dierling and the motion to dismiss should be granted as to these defendants.

Similarly, plaintiffs' complaint should be dismissed as to defendant Butler County Children's Services Board. The Board could only be held liable if it's official policy, not the acts of its executives or agents was the source of plaintiffs' alleged injury. *Holloway v. Brush*, 220 F.3d 767, 773 (6th Cir. 2000)(citing *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 694 (1978)). The acts in question must be acts which the County Board officially sanctioned or ordered. *Id.* The complaint fails to allege any direct participation by the Board in the other defendants' actions. Plaintiffs identify the Board as the entity responsible for supervising the caseworkers named individually in the complaint, including defendant Pedoto. Plaintiffs allege that the Board failed to properly train and supervise the individual defendants. However, "a supervisory official's failure to supervise, control or train the offending individual is not actionable unless the supervisor 'either encouraged the specific incident of

8

misconduct or in some other way directly participated in it. At a minimum a plaintiff must show that the official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers.'" *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999), *cert. denied,* 530 U.S. 1264 (2000) (quoting *Hays v. Jefferson County, Ky.,* 668 F.2d 869, 874 (6th Cir.), *cert. denied,* 459 U.S. 833 (1982)). *See also McQueen v. Beecher Community Schools*, 433 F.3d 460, 470 (6th Cir. 2006); *Leary v. Daeschner*, 349 F.3d 888, 903 (6th Cir. 2003). "[G]eneral allegations are insufficient to support a failure-to-train claim...." *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). *See also Phillips v. Roane County*, 534 F.3d 531, 543-44 (6th Cir. 2008).

To establish supervisory liability, it is not enough to point after the fact to a particular sort of training which, if provided, might have prevented the harm suffered in a given case. Rather, such liability attaches only if a constitutional violation is "part of a pattern" of misconduct, or "where there is essentially a complete failure to train..., or training that is so reckless or grossly negligent that future... misconduct is almost inevitable or would properly be characterized as substantially certain to occur." *Hays v. Jefferson County*, 668 F.2d 869, 874 (6th Cir.) (citations omitted), *cert. denied*, 459 U.S. 833 (1982). Only under these circumstances can it be said that a supervisor's liability rests upon "active unconstitutional behavior," as opposed to "a mere failure to act." *Shehee*, 199 F.3d at 300 (internal quotation marks and citation omitted).

Here, plaintiffs have alleged facts which, as discussed further below, are

9

sufficient to state a claim against defendant Pedoto. Notwithstanding the specific allegations against defendant Pedoto, including allegations that she falsified evidence and threatened plaintiffs Thomas and Linda Lawson, the complaint fails to allege any facts showing that this alleged conduct was part of a pattern of comparable violations, as opposed to an isolated occurrence. Nor have plaintiffs alleged facts suggesting that the conduct was an "almost inevitable" or "substantially certain" byproduct of a lack of training by the Board. *Hays*, 668 F.2d at 874. Instead, it appears that the Board is named as a defendant by virtue of alleged supervisory authority. However, the doctrine of *respondeat superior* does not apply to § 1983 claims and may not serve as a basis for liability. *See Monell v. Dep't of Social Servs.*, 436 U.S. 658 (1978); *Hill v. Marshall*, 962 F.2d 1209, 1213 (6th Cir. 1992), *cert. denied*, 509 U.S. 903 (1993). Therefore, plaintiff's section 1983 claim against defendant Butler County Children's Services Board must be dismissed.

Plaintiffs' complaint should also be dismissed as to defendant Kim Schneider. The only specific allegations made with respect to defendant Schneider assert that defendant Pedoto falsely presented evidence to defendant Schneider who was acting as a Prosecutor for Butler County Juvenile Court, (Doc. 3, p. 5, ¶ 19), and that in her capacity as Prosecutor, defendant Schneider "determined that party-defendant N.M. was in fact a dependant child." (Doc. 3, p. 5, ¶ 20). Prosecutors are entitled to absolute immunity for actions that are connected with the prosecutor's role in a judicial proceeding. *Burns v. Reed*, 500 U.S. 478, 494 (1991); *Imbler v. Pachtman* 424 U.S. 409, 430 (1976). However, absolute immunity is not afforded to prosecutors when they perform administrative, investigative, or other functions. *Buckley v. Fitzsimmons*, 509 U.S. 259, 273-74 (1993). Thus, the Supreme Court has

sufficient to state a claim against defendant Pedoto. Notwithstanding the specific allegations against defendant Pedoto, including allegations that she falsified evidence and threatened plaintiffs Thomas and Linda Lawson, the complaint fails to allege any facts showing that this alleged conduct was part of a pattern of comparable violations, as opposed to an isolated occurrence. Nor have plaintiffs alleged facts suggesting that the conduct was an "almost inevitable" or "substantially certain" byproduct of a lack of training by the Board. *Hays*, 668 F.2d at 874. Instead, it appears that the Board is named as a defendant by virtue of alleged supervisory authority. However, the doctrine of *respondeat superior* does not apply to § 1983 claims and may not serve as a basis for liability. *See Monell v. Dep't of Social Servs.*, 436 U.S. 658 (1978); *Hill v. Marshall*, 962 F.2d 1209, 1213 (6th Cir. 1992), *cert. denied*, 509 U.S. 903 (1993). Therefore, plaintiff's section 1983 claim against defendant Butler County Children's Services Board must be dismissed.

Plaintiffs' complaint should also be dismissed as to defendant Kim Schneider. The only specific allegations made with respect to defendant Schneider assert that defendant Pedoto falsely presented evidence to defendant Schneider who was acting as a Prosecutor for Butler County Juvenile Court, (Doc. 3, p. 5, ¶ 19), and that in her capacity as Prosecutor, defendant Schneider "determined that party-defendant N.M. was in fact a dependant child." (Doc. 3, p. 5, ¶ 20). Prosecutors are entitled to absolute immunity for actions that are connected with the prosecutor's role in a judicial proceeding. *Burns v. Reed*, 500 U.S. 478, 494 (1991); *Imbler v. Pachtman* 424 U.S. 409, 430 (1976). However, absolute immunity is not afforded to prosecutors when they perform administrative, investigative, or other functions. *Buckley v. Fitzsimmons*, 509 U.S. 259, 273-74 (1993). Thus, the Supreme Court has

extended absolute immunity to prosecutors where the acts complained of were performed while serving as an advocate in legal proceedings. *Holloway*, 220 F.3d at 774-75 (citing *Kalina v. Fletcher*, 522 U.S. 118, 125(1997)).

A prosecutor's decision to file a criminal charge, seek an arrest warrant, as well as the presentation of these materials to a judicial officer is part of her role as an advocate and intimately associated with the judicial process. *Holloway*, 220 F.3d at 775; *Manetta v. Macomb County Enforcement Team*, 141 F.3d 270, 274 (6th Cir. 1998). The allegations in the complaint with respect to defendant Schneider fail to allege any act that was performed by her and which was not undertaken by her in her role as an advocate in a legal proceeding. Consequently, defendant Schneider is entitled to absolute prosecutorial immunity and the claims against her should be dismissed.

By contrast, plaintiffs' complaint, liberally construed, alleges sufficient facts at this point in the proceedings, to state a claim against defendant Pedoto. Among the several allegations that Plaintiffs assert against defendant Pedoto, they allege that she falsely presented evidence to the prosecutor and threatened defendants Thomas and Linda Lawson. Defendants argue Pedoto is likewise entitled to absolute immunity. While social workers are entitled to absolute immunity when they are acting in their capacity as legal advocates, such as initiating court actions or testifying under oath, they are not entitled to absolute immunity for performing administrative, investigative, or other functions. *Holloway*, 220 F.3d at 775. Liberally construing the complaint in favor of plaintiffs as the non-moving party, on the record before this

11

Court the undersigned cannot conclude that presenting false information and or threatening plaintiffs Thomas and Linda Lawson constitutes actions which can fairly be said to have been taken in defendant Pedoto's capacity as a legal advocate. Therefore, plaintiffs' complaint against defendant Pedoto may go forward.

**Plaintiffs' Motion for Appointment of Counsel Will Be Provisionally Granted as to Plaintiffs N.M., H.M. and B.M.**

Although 28 U.S.C. § 1654 provides that in "[i]n all courts of the United States the parties may plead and conduct their own cases personally or by counsel," the statute does not permit plaintiffs to appear pro se where interests other than their own are at stake. *Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002); *Crawford*, 2007 WL 2772740 at *3; *Gonzales v. Wyatt*, 157 F.3d 1016, 1021 (5th Cir. 1998). "Consequently, in a civil rights action, parents cannot appear pro se on behalf of their minor children because a minor's cause of action is her own and does not belong to her parent or representative." *Crawford*, 2007 WL 2772740 at *3 (quoting *Shepherd*, 313 F.3d at 970)(internal quotations omitted). Accordingly, neither plaintiff Ursula Lawson McIntosh, nor plaintiffs Thomas or Linda Lawson may represent the minor children named as parties plaintiff in this action. *Id.* Given that plaintiffs have moved for assistance in obtaining counsel and given that claims against one defendant remain in the case at this time, the Court will provisionally grant plaintiff's motion for appointment of counsel, provided that the Volunteer Lawyers for the Poor (VLP)can locate an attorney willing to represent the minor children named in the complaint.

As for the motion for appointment of counsel made on behalf of plaintiffs

Ursula Lawson McIntosh, Thomas Lawson, and Linda Lawson, the motion will be denied. The law does not require the appointment of counsel for plaintiffs in civil rights cases such as this, see *Lavado v. Keohane*, 992 F.2d 601, 604-05 (6th Cir. 1993), nor has Congress provided funds with which to compensate lawyers who might agree to represent those plaintiffs. The appointment of counsel in a civil proceeding is not a constitutional right and is justified only by exceptional circumstances. *Id.* at 605-06. *See also Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003). "To determine whether these exceptional circumstances exist, courts typically consider the type of case and the ability of the plaintiff to represent himself." *Id.* (citation omitted). Moreover, there are not enough lawyers who can absorb the costs of representing persons on a voluntary basis to permit the Court to appoint counsel for all who file cases on their own behalf. No exceptional circumstances justify the appointment of counsel in this matter. The motions and briefs filed by plaintiffs in this action demonstrate they are capable of representing themselves adequately in this matter.

### IT IS THEREFORE RECOMMENDED THAT:

Defendant's motion for judgment on the pleadings (Doc. 21) be GRANTED IN PART AND DENIED IN PART consistent with this Report and defendants Butler County Children's Services Board, Schneider, Heffner, Lampert, Vogel, Phillips, Halpin, and Dierling be dismissed from this action.

### IT IS THEREFORE ORDERED THAT:

Plaintiffs' motion to amend the complaint (Doc. 22) is GRANTED and

plaintiffs' motions for appointment of counsel (Docs. 5, 19) are provisionally granted with respect to the claims asserted on behalf of the minor children.

In accordance with this Order, the VLP shall report to the Court within sixty (60) days of the filing date of this report and recommendation, whether the VLP has been able to secure representation for the minor plaintiffs. If the VLP is unable to secure representation, the Court will recommend that the claims asserted on behalf of plaintiffs N.M., H.M. and B.M. be dismissed without prejudice. *See Crawford*, 2007 WL 2772740 at *3.

Timothy S. Hogan
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

Ursula Y. Lawson McIntosh, et. al.,
    Plaintiffs

vs                                               Case No. 1:09-cv-274-SAS-TSH
                                              (Spiegel, Sr. J.; Hogan, M. J.)

Butler County Children's Services
Board, et. al.,
    Defendants

## NOTICE TO THE PARTIES REGARDING THE FILING OF
## OBJECTIONS TO THIS R&R

Pursuant to Fed. R. Civ. P. 72(b), within fourteen (14) days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).



1:09cv274 (Doc. 30)