```
                    UNITED STATES DISTRICT COURT
                     SOUTHERN DISTRICT OF OHIO
                         WESTERN DIVISION


URSULA Y. LAWSON MCINTOSH,    :   NO. 1:09-CV-00274
et al.,                       :
     Plaintiffs,              :
                              :
             v.               :   OPINION AND ORDER
                              :
BUTLER COUNTY CHILDREN'S      :
SERVICES BOARD,               :
et al.,                       :
                              :
     Defendants.              :
```

This matter is before the Court on the Magistrate Judge's March 24, 2010 Report and Recommendation and Order (doc. 30), the Magistrate Judge's April 7, 2010 Report and Recommendation (doc. 39), and Plaintiffs' Objections (doc. 44).

Plaintiffs Ursula Y. Lawson McIntosh, Thomas C. Lawson, Sr., and Linda S. Lawson filed this §1983 action pro se on behalf of themselves and on behalf Ursula Lawson's children, N.M, H.M, and B.M. (doc. 30). Plaintiffs allege Defendants were engaged in a conspiracy to present false information to a juvenile court in support of the ex parte order that removed Plaintiff N.M. from his home. As a result, Plaintiffs contend that Defendants violated Plaintiffs' Fourth, Fifth, Eighth, Ninth, and Fourteenth Amendment rights under the United States Constitution (Id.). Defendants moved for judgment on the pleadings as to all claims asserted by the Plaintiffs (Id.). Specifically, Defendants Jann Heffner, Kerry Lampert, Erin Vogel, Dan Phillips, Meg Halpin, and Lisa Dierling

argue that they are entitled to judgment pursuant to Fed.R.Civ.P. 12(c) because there are no specific factual allegation asserted in the complaint against them (Id.). Defendants Butler County Children's Services Board and Kim Schneider[1] contend the complaint against them should be dismissed because the complaint does not allege improper conduct on their behalf, and they are entitled to absolute immunity (Id.). Defendant Alisa Pedoto also contends that she is entitled to absolute immunity (Id.).

In response, Plaintiffs argue that Defendant Pedoto falsely presented evidence to the prosecutor and lacked probable cause to support her actions and allegations, therefore violating Plaintiffs' constitutional rights (Id.). Plaintiffs also assert that the Defendants' motion should be denied because Plaintiffs do not have counsel and move the Court to construe their memorandum in opposition to Defendants' motion to dismiss as a motion to amend/correct the complaint (Id.).

**I. The March 24th Report and Recommendation**

The Magistrate Judge first granted the Plaintiffs' motion to construe Plaintiffs' Memorandum in Opposition as a motion to amend/correct Plaintiffs' complaint and then reviewed Defendants' Motion for Judgment on the Pleadings (Id.). The Magistrate Judge noted that the Court reviews a motion for judgment on the pleadings as it would a motion to dismiss under Fed.R.Civ.P. 12(b)(6) (Id.,

---

[1] Defendant Kim Bui is now known as Kim Schneider.

citing Mixon v. Ohio, 193 F.3d 389, 399-400 (6th Cir. 1999)). In determining a motion to dismiss, the allegation in the complaint must be construed in the light most favorable to the nonmoving party (Id., citing Block v. Ribar, 156 F.3d 673, 677 (6th Cir. 1998)). The Court must also "accept as true all of the factual allegation contained in the complaint" (Id., Erickson v. Pardus, 551 U.S. 89, 93-94 (2007)(citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)(citations omitted))). However, the Court need not accept Plaintiffs' legal conclusions as true (Id., Lewis v. ACB Bus Servs., 135 F.3d 389, 405 (6th Cir. 1998)).

The Magistrate Judge added that, when reviewing a motion to dismiss, the Court must "determine whether the [P]laintiff can prove a set of facts in support of [her] claims that would entitle [her] to relief" (Id., Daubenmire v. City of Columbus, 507 F.3d 383, 387-88 (6th Cir. 2007)(quoting Bovee v. Coopers & Lybrand C.P.A., 272 F.3d 356, 360 (6th Cir. 2001))). To survive a motion to dismiss under Rule 12(b)(6), the complaint must contain either direct or inferential allegation which comprise all of the essential, material elements necessary to sustain a claim for relief under some viable legal theory (Id., citing Lewis, 135 F.3d at 406). Pro se complaints are held to a less stringent standard than formal pleadings drafted by attorneys, but the Court is not required to fabricate allegations which are not pleaded (Id., citing Erickson, 551 U.S. at 94; Estelle v. Gamble, 429 U.S. 97,

106 (1976)).

The Magistrate Judge also noted that in order to state a claim for relief under 42 U.S.C. §1983, Plaintiffs must allege that the persons engaging in the conduct complained of were acting under color of state law and that this conduct deprived Plaintiffs of some right secured by the Constitution or laws of the United States (Id., citing Graham v. National Collegiate Athletic Ass'n, 804 F.2d 953, 957 (6th Cir. 1986)).  Plaintiffs' complaint must provide "enough facts to state a claim to relief that is plausible on its face" (Id., citing Twombly, 550 U.S. at 570)).

The Magistrate Judge opined that the Plaintiffs had failed to state a claim against Defendants Heffner, Lampert, Vogel, Phillips, Halpin, and Dierling (Id.).[2]  To state a claim for relief against these Defendants, Plaintiffs would need to show how each individual was personally involved in the acts about which Plaintiffs complain (Id.).  According to the Magistrate Judge, Plaintiffs assert no specific factual allegations other than the broad generalization that these Defendants violated Plaintiffs' constitutional rights (Id.).  As such, the Magistrate Judge

---

[2] Defendants filed a Suggestion of Death upon the Record as to Defendant Peg Hall (doc. 16).  Plaintiff has not objected to this motion nor provided any reason that this claim should survive her death.  The Magistrate Judge opined, and the Court agrees, that even if this claim were to survive Defendant Hall's death, it would be dismissed for the same reasons as the claims against Heffner, Lampert, Vogel, Phillips, Halpin, and Dierling.

determined that the Plaintiffs failed to state a claim against these Defendants under § 1983, and therefore the motion to dismiss should be granted as to these Defendants (Id.).

The Magistrate Judge also determined that the motion to dismiss should be granted in regards to Defendant Butler County Children's Services Board (Id.). The Board can only be held liable if its official policy was the source of Plaintiffs' alleged injury (Id., citing, Holloway v. Brush, 220 F.3d 767, 773 (6th Cir. 2000)). Plaintiffs failed to allege any direct participation by the Board in the other Defendants' actions and failed to allege the proper facts necessary to prove the Board is liable for failing to properly train and supervise the individual Defendants (Id.). Consequently, the Magistrate Judge found that Plaintiffs had failed to state a claim against the Board under § 1983 and opined that the motion to dismiss should be granted as to the Board (Id.).

Third, the Magistrate Judge found that the Plaintiffs' complaint should be dismissed with respect to defendant Kim Schneider, a Prosecutor for Butler County Juvenile Court (Id.). Prosecutors are entitled to absolute immunity for actions that are connected with the prosecutor's role in a judicial proceeding (Id., citing Burns v. Reed, 500 U.S. 478, 494 (1991); Imbler v. Pachtman, 424 U.S. 409, 430 (1976)). The Magistrate Judge determined that the allegation in the complaint with respect to Defendant Schneider failed to allege any act performed by her that was not undertaken

-5-

in her role as an advocate in a legal proceeding (Id.). Therefore the Magistrate Judge recommended that the claims against her should also be dismissed (Id.).

In regards to Defendant Pedoto, the Magistrate Judge determined that the Plaintiffs allege sufficient facts in their complaint to survive the motion to dismiss (Id.). Even though Defendants argue that Pedoto is also entitled to absolute immunity, social workers are entitled to absolute immunity only when they are acting in their capacity as legal advocates and not when performing administrative, investigative, or other functions (Id., citing Holloway, 220 F.3d at 775). Plaintiffs allege in their complaint that Pedoto falsely presented evidence to the prosecutor Defendant Schneider and threatened Plaintiffs Thomas and Linda Lawson. Liberally construing the complaint in the Plaintiffs' favor, the Magistrate Judge determined that it is fair to believe Defendant Pedoto's alleged acts were not done in her capacity as a legal advocate (Id.). Therefore, the Magistrate Judge recommended that Plaintiffs' complaint against Defendant Pedoto go forward (Id.).

Plaintiffs also motioned for Appointment of Counsel (doc. 30). After review, the Magistrate Judge provisionally granted the motion as to Plaintiffs N.M., H.M., and B.M., but denied it as to the three adult Plaintiffs, Ursula Lawson McIntosh, Thomas Lawson, and Linda Lawson (Id.). The Magistrate Judge noted that although 28 U.S.C. § 1654 provides that "[in] all courts of the United

States parties may plead and conduct their own cases personally or by counsel," the statue does not permit plaintiffs to appear pro se where interests other than their own are at stake (Id., citing, Shepherd v. Wellman, 313 F.3d 963, 970 (6th Cir. 2002); Crawford v. Child Prot. Serv., 2007 WL 27772740, *3 (W.D. Ky. Sept. 20, 1007); Gonzales v. Wyatt, 157 F.3d 1016, 1021 (5th Cir. 1998)). Accordingly, the Magistrate Judge determined that the adult Plaintiffs could not represent Plaintiffs N.M., H.M., or B.M. pro se, but provisionally granted Plaintiffs' motion for Appointment of Counsel as to N.M., H.M., and B.M., provided that the Volunteer Lawyers for the Poor ("VLP") could locate an attorney willing to represent the children (Id.). As to the adult Plaintiffs, the Magistrate Judge noted that the law does not require the appointment of counsel for plaintiffs in civil rights cases such as this one, especially since there are no funds available to compensate counsel and there is no constitutional right to counsel in civil proceedings (Id., citing Lavado v. Keohane, 992 F.2d 601, 604-06 (6th Cir. 1993)). The Court may appoint counsel only under exceptional circumstances, taking into account the type of case and the ability of plaintiffs to represent themselves (Id., citing Lavado, 992 F.2d 605-06). The Magistrate Judge denied the adult Plaintiffs' motion for appointment of counsel because there are no exceptional circumstances that justify the appointment, and the motions and briefs filed by Plaintiffs demonstrate that they are

capable of representing themselves (Id.).

**II. The April 7th Report and Recommendation**

After issuing the March 24th Report and Recommendation, the Magistrate Judge received correspondence from the VLP indicating that they were unable to refer Plaintiffs N.M., H.M., and B.M. to an attorney (doc. 39). Based on this information, the Magistrate Judge recommended that the motion to appoint counsel for Plaintiffs N.M., H.M., and B.M. be denied and that all claims asserted on behalf of Plaintiffs N.M., H.M., and B.M. be dismissed without prejudice (Id.).

**III. Plaintiffs' Objections**

Plaintiffs first object to the Magistrate Judge's recommendation to dismiss the claim against Defendants Butler County Children's Services Board, Heffner, Lampert, Vogel, Phillips, Halpin, Dierling, and Schneider (doc. 44). Plaintiffs argue that they have alleged adequate facts to support their claim against these defendants at ¶ 30 in the complaint in which they state "all of the [D]efendants conspired to hinder, impede or otherwise obstruct the due course of justice and the equal protection of the law in accord with the 5th and 14th Amendments of the U.S. Constitution." (Id.). In addition, Plaintiffs argue that the doctrine of absolute immunity is unconstitutional as applied to Defendants Schneider and Pedoto because, Plaintiffs claim, absolute immunity for these Defendants would prevent Plaintiffs from

exercising their First Amendment right to redress grievances and their right to Due Process and Equal Protection of the laws as guaranteed by the Fifth and Fourteenth Amendments (Id.).

Second, Plaintiffs object to the Magistrate Judge's determination that Ursula Lawson cannot represent her children pro se. Plaintiffs contend that preventing Ursula Lawson from representing her children violates their First Amendment right "to petition the government for a redress of grievances" because the children have no other counsel (Id.).

**IV. Discussion**

The Court agrees with the Magistrate Judge's determination that Plaintiffs have not stated sufficient facts to support their claims against Defendants Butler County Children's Services Board, Heffner, Lampert, Vogel, Phillips, Halpin, and Dierling. Plaintiffs' statment at ¶ 30 of the complaint is a legal conclusion rather than a statement of fact that could be used to support the Plaintiffs' claim for relief. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (finding a complaint must provide "enough facts to state a claim to relief that is plausible on its face" in order to survive a motion to dismiss).

Moreover, Plaintiffs' argument has not persuaded the Court that absolute immunity is unconstitutional in regards to Defendants Schneider and Pedoto. As the Magistrate Judge noted, the Supreme Court has consistently held that prosecutors are

entitled to absolute immunity for actions that are connected with their role in judicial proceedings. See, e.g.,Burns v. Reed, 500 U.S. 478, 494 (1991); Imbler v. Pachtman, 424 U.S. 409, 430 (1976). The Supreme Court has extended the doctrine of absolute immunity to include actions performed while the prosecutor was serving as a legal advocate. Holloway v. Brush, 220 F.3d 767, 774-75 (6th Cir. 2000); Kalina v. Fletcher, 522 U.S. 118, 125 (1997). By analogy, the Sixth Circuit found that social workers are also entitled to absolute immunity for actions that are performed in their capacity as legal advocates, but are not entitled to immunity for performing administrative, investigative, or other functions. Holloway, 220 F.3d at 775. Given this history, it is clear that absolute immunity is constitutional when appropriately applied. In this case, the actions cited in support of Plaintiffs' allegations against Defendant Schneider were indisputably part of her role as prosecutor and legal advocate. Therefore she is awarded absolute immunity in regards to those actions. On the other hand, Defendant Pedoto's actions are only absolutely immune where they are taken in a legal advocacy role. This Court concurs with the Magistrate Judge's determination that, if liberally construed, Plaintiffs' complaint states a sufficient claim under §1983 against Pedoto for actions taken outside of her role as an advocate. Therefore this Court finds the Magistrate Judge appropriately applied the doctrine of absolute immunity to Defendants Schneider and Pedoto when he

-10-

found Defendant Schneider absolutely immune and Defendant Pedoto open to liability for acts outside her role as a legal advocate.

Plaintiffs' second objection is to the Magistrate Judge's determination that Plaintiff Ursula Lawson cannot represent Plaintiffs N.M., H.M., and B.M. pro se.  However this Court again agrees with the Magistrate Judge's determination on this matter. As the Sixth Circuit noted, "although 28 U.S.C. § 1654 provides that in all courts of the United States the parties may plead and conduct their own cases personally or by counsel, the statute does not permit plaintiffs to appear pro se where interests other than their own are at stake."  Shepherd v. Wellman, 313 F.3d 963, 970 (6th Cir. 2002)(internal quotations omitted).  In this §1983 action, Plaintiff Ursula Lawson cannot appear pro se on behalf of her minor children "because a minor's cause of action is [his/her] own and does not belong to [his/her] parent."  Id., citing Cheung v. Youth Orchestra Found. of Buffalo, Inc., 906 F.2d 59, 61 (2nd Cir. 1990); see also Crawford v. Child Prot. Serv., No. 3:07CV-21-H, 2007 WL 2337372, at *3 (W.D.Ky. Sept. 20, 2007).

Having reviewed this matter de novo, pursuant to Title 28 U.S.C. § 636, the Court concludes that the Magistrate Judge's Reports and Recommendations are both thorough, well reasoned, and correct.  Accordingly, the Court ADOPTS and AFFIRMS the Magistrate Judge's Reports and Recommendations (docs. 30, 39); GRANTS IN PART AND DENIES IN PART Defendants' motion for judgment on the

pleadings(doc. 21) consistent with the Report and Recommendation (doc. 30); DISMISSES Defendants Butler County Children's Services Board, Schneider, Heffner, Lampert, Vogel, Phillips, Halpin, and Dierling; DENIES Plaintiffs' motion to appoint counsel for all Plaintiffs (docs. 5,19); and DISMISSES WITHOUT PREJUDICE the claims asserted on behalf of Plaintiffs N.M., H.M., and B.M.

SO ORDERED.

Dated: August 3, 2010     /s/ S. Arthur Spiegel
                          S. Arthur Spiegel
                          United States Senior District Judge